UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:20 CR00102-SEP |
| v. | ) | No. 4:21 CR00070-SEP |
| | ) | |
| ANTWAN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

1. **PARTIES:**

The parties are Defendant Antwan Jones ("Defendant"), represented by defense counsel Mohammed Ahmed, and the United States of America ("United States"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A) and (B), of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count One and Count Three of the Superseding Indictment in case number 4:20-CR-00102-SEP, as well as Defendant's voluntary plea of guilty to Count One of the Indictment in case number 4:21-CR-00070-SEP, the United States agrees to dismiss Count Two of the Superseding Indictment in case number 4:20-CR-00102-SEP. The United States further agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time

and arising out of the events set forth in the Superseding Indictment in case number 4:20-CR-00102-SEP and the Indictment in case number 4:21-CR-00070-SEP.

    B. **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **The parties further agree that, in exchange for Defendant's plea of guilty to Count One and Count Three of the Superseding Indictment in case number 4:20-CR-00102-SEP, as well as Defendant's voluntary plea of guilty to Count One of the Indictment in case number 4:21-CR-00070-SEP, the United States and Defendant agree to jointly recommend a ninety-six (96) months concurrent sentence on each of the three counts.** The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

    As to Count One of the Superseding Indictment in case number 4:20-CR-00102-SEP, Defendant admits to knowingly violating Title 18, United States Code, Section 2119(1) and Title 18, United States Code Section 2. Defendant further admits there is a factual basis for the plea and fully understands that the elements of carjacking in violation of Title 18, United States Code, Section 2119(1) are as follows:

    (i)    Defendant took a 2013 Mercedes C350, vehicle identification number: WDDGJ8JBDG044216, from the presence of another;

    (ii)    Defendant did so by means of force, violence, and intimidation;

    (iii)    The 2013 Mercedes C350 had been transported, and shipped in interstate and foreign commerce; and,

    (iv)    At or during the time Defendant took the 2013 Mercedes C350, Defendant intended to cause death or serious bodily injury.

Count One also alleges that Defendant aided and abetted a carjacking in violation of Title 18, United States Code, Section 2. Defendant admits there is a factual basis for the plea and further

fully understands that the elements of aiding and abetting a carjacking are as follows:

    (i)    Defendant knew a carjacking was being committed or going to be committed; and

    (ii)    Defendant had enough advance knowledge of the extent and character of a carjacking that he was able to make the relevant choice to walk away from the carjacking before all elements of carjacking were complete;

    (iii)    Defendant knowingly acted in some way for the purpose of causing or aiding the commission of a carjacking; and,

    (iv)    Defendant acted intentionally.

As to Count Three of the Superseding Indictment in case number 4:20-CR-00102-SEP, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1). Defendant further admits there is a factual basis for the plea and fully understands that the elements of the crime are:

    (i)    Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (ii)    Defendant, thereafter, knowingly possessed a firearm;

    (iii)    At the time Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and,

    (iv)    The firearm was transported across a state line at some point during or before Defendant's possession of it.

As to Count One of the Indictment in case number 4:21-CR-00070-SEP, Defendant admits to knowingly violating Title 18, United States Code, Section 111(a)(1), admits there is a factual basis for the plea, and fully understands that the elements of the crime are:

    (i)    Defendant forcibly assaulted Xavier Blackburn, a Task Force Officer with the United States Marshals;

    (ii)    The assault was done voluntarily and intentionally;

    (iii)    The assault resulted in physical contact with Xavier Blackburn, a Task Force Officer with the United States Marshals; and,

    **(iv)**    At the time of the assault, Xavier Blackburn was engaged in the performance of his official duties as a federal task force officer with the United States Marshals.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.2:

On January 15, 2020, at approximately 6:50 p.m., Victim W.B. parked her red 2013 Mercedes Benz C350, vehicle identification number: WDDGJ8JBDG044216, on the 1900th block of Olive Street in St. Louis City, within the jurisdiction of the Eastern District of Missouri. Victim W.B.'s motor vehicle was manufactured in Germany, and, consequently, it had been transported, and shipped in interstate and foreign commerce prior to January 15, 2020.

Victim W.B. walked north along 20th Street after parking. Before Victim W.B. reached Locust Street, Defendant observed W.B. walking alone while riding in the passenger seat of a white sport utility vehicle (SUV) driven by co-defendant Paul Latham. The white SUV pulled up behind Victim W.B and when the white SUV was next to Victim W.B., Defendant exited the white SUV and approached Victim W.B. Defendant pressed a firearm against Victim W.B.'s chest, grabbed Victim W.B.'s purse, and stated "Gimme the purse or imma pop you." Victim W.B. feared for her safety and relinquished the purse, which contained keys to the red 2013 Mercedes Benz C350. Defendant rejoined his co-defendant in the white SUV, and the two defendants drove away from Victim W.B.

Within minutes after taking Victim W.B.'s keys, surveillance video depicting the 1900th block of Olive Street captured Defendant, still travelling in the white SUV, drive past Victim W.B.'s motor vehicle. As the white SUV drove by Victim W.B.'s vehicle, the parking lights on

Victim W.B.'s vehicle flashed, indicating that the key fob to Victim W.B.'s vehicle had been manually activated.

Moments later, the white SUV drove back to Victim W.B.'s motor vehicle. Video surveillance captured the white SUV with both Defendant and co-defendant Latham in the middle lane of traffic, parallel to Victim W.B.'s motor vehicle. Video surveillance further captured co-defendant Latham exit the driver's seat allowing the white SUV to roll forward. Defendant moved from the passenger seat to the driver's seat of the white SUV to stop the white SUV from moving. As co-defendant Latham entered Victim W.B.'s red 2013 Mercedes Benz C350 and drove it away, Defendant made a U-turn with the white SUV and followed Victim W.B.'s motor vehicle.

Police tracked Victim W.B.'s phone to the area of the 1800th block of Boismenue Avenue in East St. Louis, Illinois. There, police discovered the white SUV parked in the same lot with Victim W.B.'s red 2013 Mercedes Benz C350. Upon seeing the police, co-defendant Latham drove Victim W.B.'s motor vehicle out of the parking lot with Defendant in the passenger seat. Police also discovered that Victim W.B.'s personal items, such as her purse, were in the white SUV.

Police interviewed Defendant's brother and Defendant's brother's paramour, who lived in the 1800th block of Boismenue Avenue in East St. Louis, Illinois. Both those witnesses stated that Defendant had arrived earlier at that apartment. Both witnesses indicated that the Taurus semi-automatic pistol recovered by police near the area of the entry to the witnesses' home did not belong to them and was not inside their home prior to Defendant's arrival. Co-defendant Latham also confirmed that Defendant exited the white SUV moments before the carjacking with the same firearm Defendant left in the East St. Louis apartment.

On January 29, 2020, Xavier Blackburn, a Task Force Officer with the United States Marshals approached Defendant to place him under arrest. After Task Force Officer Blackburn

informed Defendant of his role as a Task Force Officer with the United States Marshals, showed Defendant his badge, and informed Defendant that he was placing him under arrest, Task Force Officer Blackburn attempted to place handcuffs on Defendant.

As Task Force Officer Blackburn attempted handcuff Defendant, Defendant turned, and pulled away—resulting in a physical altercation. During the course of the physical altercation, Defendant struck Task Force Officer Blackburn with a closed fist to Task Force Officer Blackburn's shoulder and neck area. Task Force Officer Blackburn wrestled Defendant to the ground as Defendant continued to assault Task Force Officer Blackburn, and other law enforcement personnel, in an effort to resist arrest.

Prior to January 15, 2020, Defendant had been convicted of at least one felony offense in St. Clair County, Illinois, case number 16 CF 1507. Defendant was aware that, as a result of his July 21, 2017 felony conviction, he was prohibited from possessing a firearm on January 15, 2020.

Defendant admits that the firearm recovered from East St. Louis Apartment was the same firearm that he possessed in the Eastern District of Missouri. Defendant further admits that the said firearm, a Taurus make, G25 model, 9mm caliber, semi-automatic pistol, is a weapon that can expel a projectile by the action of an explosive, was not an antique firearm, and was manufactured outside of the State of Missouri. As such, the semi-automatic pistol is a "firearm" under the federal definition and had been shipped and/or transported in interstate commerce both prior and during Defendant's possession.

5. **STATUTORY PENALTIES:**

Defendant fully understands that the maximum possible penalties provided by law for the crimes to which Defendant is pleading guilty are:

(i)  **Count One (Carjacking in violation of 18 U.S.C. § 2119(1))**: Imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a term of supervised release of not more than three years.

(ii)  **Count Three (Possession of a firearm by a felon in violation of 18 U.S.C. § 922(g))**: Imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a term of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.

(iii)  **Count One (Assault to a federal officer involving physical contact in violation of 18 U.S.C. § 111(a)(1))**: Imprisonment of not more than eight years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a term of supervised release of not more than three years.

6. **U.S. SENTENCING GUIDELINES 2018 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### A. Chapter 2 Offense Conduct:

## COUNT ONE
## CARJACKING

**i. Base Offense Level:** The parties agree the base offense level is 20 as set forth in Section 2B3.1(a).

**ii. Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: Five additional levels are assessed pursuant to Section 2B3.1(b)(2)(C), because a firearm was brandished during the course of the carjacking; Two additional levels are assessed pursuant to Section 2B3.1(b)(5), because the offense of conviction is a carjacking.

## COUNT THREE
## FELON IN POSSESSION OF A FIREARM

**i. Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

**ii. Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: There is sufficient evidence to prove by a preponderance of the evidence that Defendant used or possessed the firearm in connection with another felony offense or possessed the firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense such that the (4) four-level enhancement pursuant to Section 2K2.1(b)(6)(B) applies. Consequently, the parties agree that the four-level enhancement pursuant to Section 2K2.1(b)(6)(B) is applicable.

## COUNT ONE
## ASSAULTING A FEDERAL OFFICER INVOLVING PHYSICAL CONTACT

    i. **Base Offense Level:** The parties agree the base offense level is 14 as set forth in Section 2A2.2(a).

    ii. **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none known at this time.

    B. **Chapter 3 Adjustments:**

    i. **Obstructing or Impeding the Administration of Justice:** The parties have not reached an agreement as to the applicability of a Section 3C1.1 enhancement. The United States submits that a two-level enhancement under Section 3C1.1 applies. Defendant contests the application of the Section 3C1.1 enhancement. The determination of the applicability of a Section 3C1.1 enhancement shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the applicability of any Section 3C1.1 enhancement.

    ii. **Reckless Endangerment During Flight:** The parties agree that two levels are assessed pursuant to Section 3C1.2 due to Defendant's leaving a loaded firearm unsecured in the apartment located in the 1800th block of Boismenue Avenue in East St. Louis, knowing that children under the age of ten were present and could have accessed that firearm.

    iii. **Multiple Counts:** The parties agree that Count One of the Superseding Indictment in case number 4:20-CR-00102-SEP (carjacking in violation of 18 U.S.C. § 2119(1)) and Count Three of the Superseding Indictment in case number 4:20-CR-00102-SEP (felon in possession of a firearm in violation of 18 U.S.C. § 922(g)) should be grouped together pursuant to Section 3D1.2 but Count One of the Indictment in case number 4:21-CR-00070-SEP should not be grouped together pursuant to Section 3D1.2. Pursuant to Section 3D1.4, Defendant's combined

offense level may be increased by 1 level, depending on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm.

      **iv. Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a), because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to the Sentencing Guidelines Section 3E1.1(a) is applied and the offense level determined prior to the operation of Section 3E1.1(a) is level 16 or greater, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3El.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

      **C. Estimated Total Offense Level:** The parties estimate that the Total Offense Level will depend on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm. Based on the foregoing, the parties estimate that Defendant's Total

Offense Level will be at least 24. Depending on the underlying offense and Defendant's criminal history, Defendant could be Career Offender pursuant to Section 4B1.1 or an Armed Career Offender pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher, and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

**D. Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

**E. Effect of the Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A. Appeal:** Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    i. **Non-Sentencing Issues:** The parties waive all rights to appeal all jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea.

    ii. **Sentencing Issues:** In the event the Court accepts the plea and after determining a Sentencing Guidelines range, sentences Defendant to a term of imprisonment of ninety-six (96) months, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, as it relates to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant to a term of imprisonment of ninety-six (96) months or above the determined Sentencing Guidelines range.

   B. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

 8. **OTHER:**

   A. **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

**C. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violations of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

**D. Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E. Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:** In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:** After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete, or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**[THIS PORTION INTENTIONALLY LEFT BLANK]**

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11 (c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

11/22/2021
Date

C. RYAN FINLEN, #6305918(IL)
Assistant United States Attorney

11/22/2021
Date

KOURTNEY M. BELL #300171(CA)  by C. Ryan Finlen
Assistant United States Attorney

11/22/21
Date

ANTWAN JONES
Defendant

11/22/21
Date

MOHAMMED AHMED
Attorney for Defendant

Page 16 of 16